UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMILE L. JORDAN, ) | |
| ) | |
| Plaintiff, ) | No: 24 cv 10194 |
| ) | |
| vs. ) | |
| ) | |
| NORTHWESTERN UNIVERSITY, ) | |
| ) | JURY DEMAND |
| Defendant. ) | |

**COMPLAINT**
**AS AND FOR A FIRST CAUSE OF ACTION**
**(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)**

**NATURE OF ACTION**

1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1990 to correct unlawful employment practices on the basis of disability (handicap) by NORTHWESTERN UNIVERSITY ("NU") taken against **CAMILE L. JORDAN** ("JORDAN") a qualified individual with a disability, to make her whole for said unlawful practices by NU including retaliation by for asking for an accommodation due to her disability.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12111, which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991,

42 U.S.C.A. § 1981(A) . The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

## PARTIES

4. JORDAN is a African-American female who is a resident of Chicago, Cook County, Illinois.

5. JORDAN was an employee of NU from January of 2018 until her wrongful termination on July 14, 2023.

6. At all times relevant, NU is an educational university profit corporation organized under the laws of the State of Illinois and doing business in other states.

7. NU is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

8. JORDAN was an employee within the meaning of the ADA and has been at all times material to the allegations herein.

9. NU is an employer as that term is defined under the American Disability Act at all times material to the allegations herein and JORDAN has permanent disabilities that substantially limits one or more of her major life activities, but said disability (Chronic Depression & Anxiety) is not related to her ability to perform the essential functions of his assigned duties with NU.

## STATEMENT OF CLAIMS

10. Despite NU listing itself as an equal employment company and having a company policy against Discrimination to the disabled, NU intentionally discriminated against JORDAN because of JORDAN's disability.

11. JORDAN is a "qualified individual with a disability" within the meaning of the ADA because she can perform the essential functions of the job that she holds in the employ of the NU.

12. JORDAN, due to her disability was treated differently and subjected to a retaliatory work environment, which included being subjected to increased scrutiny than other employees without disabilities.

13. JORDAN requested a reasonable accommodation and was denied an accommodation because of her disability, and then retaliated and terminated on November 20, 2023..

14. The discriminatory action of NU as set forth above has caused JORDAN to suffer lost income, emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

15. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

16. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC) February 28, 2024. Those charges were timely filed, under the ACT. (See Exhibit "A")

17. Plaintiff was sent a notice from the EEOC of her right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

## PRAYER FOR RELIEF

WHEREFORE, JORDAN prays for judgment as follows:

1. Declare the conduct engaged in by NU to be in violation of JORDAN'S rights;

2. For injunctive relief, including reinstatement and being promoted to a higher position, but not limited to, and relief required to make JORDAN whole for any losses caused by the violations of NU and protect her from further mental and physical harm;

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a) which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

**CAMILE L. JORDAN**

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
10 N. Martingale Rd.
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099